**U.S. BANKRUPTCY COURT**
**District of South Carolina**

Case Number:  **11-05728-hb**
Adversary Proceeding Number:  **12-80009-hb**

**ORDER**

The relief set forth on the following pages, for a total of 10 pages including this page, is hereby ORDERED.

---

**FILED BY THE COURT**
**10/10/2012**



Entered: 10/10/2012

US Bankruptcy Judge
District of South Carolina

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| In re, | C/A No. 11-05728-HB |
| Donald John Tollenaere, | Adv. Pro. No. 12-80009-HB |
| Debtor. | Chapter 7 |
| Flexible Lifeline Systems, Inc, | **ORDER ON MOTION FOR SUMMARY JUDGMENT** |
| Plaintiff(s), | |
| v. | |
| Donald John Tollenaere, | |
| Defendant(s). | |

**THIS MATTER** came before the Court for hearing on the Motion for Summary Judgment and supporting documents filed by Flexible Lifeline Systems, Inc. ("FLS").[1] Donald John Tollenaere ("Tollenaere") objected.[2]

### BACKGROUND AND FACTS NOT IN DISPUTE

1. This Court has jurisdiction to consider the Motion and grant the requested relief in accordance with 28 U.S.C. §§ 157 and 1334. FLS alleges that this is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(I). Venue is proper in this Court pursuant to 28 U.S.C. § 1409.

2. On September 15, 2011, Tollenaere filed a chapter 7 petition for relief in this Court.[3] As of the petition date, FLS and Tollenaere were involved in litigation pending in the

---

[1] Doc. Nos. 51, 52, and 53. (All Doc. No. references are to the record in this adversary proceeding). FLS also submitted affidavits and other portions of the record in support. At the hearing the Court questioned FLS's counsel about Doc. No. 53, Exhibits I and J. References cited in those documents could not be found by the Court in this record. The Court asked for clarification from FLS within 48 hours. No timely clarification was received. Therefore these documents received no consideration.
[2] Doc. Nos. 67, 68, and 69.
[3] *In Re Donald John Tollenaere*, Case No. 11-05728-hb.

United States District Court for Montana, Helena Division[4] (the "Montana Lawsuit"). The events of that case included the following:

a. On October 22, 2010, the Montana District Court granted FLS's motion for a preliminary injunction requiring the Defendants in that case ("Montana Defendants") to return all intellectual property owned by FLS and further prohibiting them from "using, reviewing, relying on or distributing such intellectual property."[5]

b. On August 22, 2011, the Ninth Circuit Court of Appeals entered an order vacating the injunction issued by the Montana District Court and remanding the case.[6] The Ninth Circuit determined that the Montana District Court's issuance of a preliminary injunction without meeting the four-factor test[7] demonstrating irreparable injury violated the Supreme Court decisions in *eBay Inc. v. MercExchange, LLC*[8] and *Winters v. Natural Resources Defense Council, Inc.*[9] In light of those decisions the Court of Appeals found the Montana District Court's "reliance on a presumption of irreparable harm was error."[10]

c. On September 13, 2011, the Montana District Court entered an Order granting summary judgment in favor of FLS as to counterclaim counts I, II,

---

[4] *Flexible Lifeline Systems, Inc. v. Precision Lift, Inc. and John Tollenaere*, Civil Action No. 06:10-CV-00044-DWM.
[5] Doc. No. 51, Exhibit D,
[6] Doc. No. 53, Exhibit G.
[7] A grant of preliminary injunctive relief requires that the plaintiff "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winters*, 555 U.S. 7, 129 S. Ct. 365, 374 (2008).
[8] *eBay Inc. v. MercExchange, LLC*, 547 US 388 (2006).
[9] *Winters v. Natural Resources Defense Council, Inc.*, 555 US 7 (2008).
[10] *Flexible Lifeline Systems, Inc. v. Precision Lift, Inc.*, Case No. 10-35987, at 13 (filed August 22, 2011, 9th Cir. COA).

and III in the Montana Lawsuit,[11] regarding tortuous interference and breach of the implied covenant of good faith, and denying the Montana Defendants' motion for summary judgment regarding FLS's claims of copyright, trade secret, and Lanham Act infringement.[12] The Montana District Court granted the Montana Defendants' partial summary judgment on FLS's claim for statutory attorneys' fees for its copyright claims pursuant to 17 U.S.C. §§ 504 and 505.

    d. The Montana District Court's docket includes a Final Pretrial Order Pursuant to Local Rule 16.4 filed on September 12, 2011. That document was submitted by the parties and included 25 stipulations of fact.[13] An Amended Final Pre-Trial Order was entered on September 13, 2011. It included only 9 stipulations of fact and added "Facts Found by the Court and Not Subject to Dispute Pursuant to Rule 56(G)."[14]

    e. When Tollenaere filed his bankruptcy case, FLS was stayed from pursuing claims in the Montana Lawsuit.[15] On September 15, 2011, the Montana District Court entered an Order recognizing the stay of those proceedings and vacating the September 19, 2011, scheduled trial.[16]

3. On January 12, 2012, FLS timely filed a proof of claim in the Tollenaere bankruptcy case, seeking $3,612,574.50 based on its claims stated in the Montana Lawsuit.[17]

---

[11] Doc. No. 53, Exhibit F.
[12] Doc. No. 2, and No. 53 Exhibit F.
[13] Doc. No. 52-3, 4.
[14] Doc. No. 52-1, 2.
[15] Precision Lift, Inc., also filed a chapter 7 petition in this Court on Sept. 15, 2011, Case No. 11-05730-hb.
[16] Doc. No. 53, Exhibit H.
[17] Proof of Claim No. 3, Case No. 11-05728-hb.

4. On January 20, 2012, FLS filed its Complaint in this Court against Tollenaere, initiating this proceeding. In the Complaint, FLS sought to liquidate its claims against Tollenaere from the Montana Lawsuit and to have such claims declared as an exception to discharge under Section 523(a)(6) of the Bankruptcy Code.

5. In a responsive pleading filed by Tollenaere in this adversary proceeding[18] he identified certain allegations found in paragraphs 2, 5, 6, 7-10, 16-18, 20, 21, 27, 28, 42-44,[19] 49,[20] 56-59,[21] 72, 74, 79,[22] 86-89, 94, 101-104[23] of FLS's Complaint (Doc. No. 1) that are not in dispute.

## STANDARD OF REVIEW

FLS requests that this Court enter summary judgment: (1) adopting the Montana District Court's findings of fact; (2) adopting the Montana District Court's conclusions of law; (3) converting the Montana District Court's Preliminary Injunction into a Permanent Injunction; (4) finding the case to be exceptional, and further, that Tollenaere willfully and maliciously intended for FLS to be injured rendering any resulting debt an exception to discharge pursuant to 11 U.S.C. § 523(a)(6); and (5) entering an order enjoining Tollenaere and anyone with whom he is in concert or participation.[24]

Pursuant to Fed. R. Civ. P. 56(a), made applicable to this adversary proceeding by Fed. R. Bankr. P. 7056, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." "[S]ummary judgment should be granted in those cases in which it is

---

[18] Doc. No. 69.
[19] Tollenaere agrees with paragraph 44, but asserts that FLS is the owner of an invalid copyright.
[20] Tollenaere agrees in part regarding access, but disagrees in part regarding infringement of the works.
[21] Tollenaere agrees with paragraph 56, but asserts that FLS is the owner of an invalid copyright.
[22] Tollenaere agrees in part regarding access, but disagrees in part regarding infringement of the works.
[23] As to paragraph 101 Tollenaere agrees generally, but with the "exception of the JV drawings" and Tollenaere agrees in part with paragraph 103.
[24] *See* Doc. No. 51.

4

perfectly clear that no genuine issue of material fact remains unresolved and inquiry into the facts is unnecessary to clarify the application of the law." *Hyman v. Ford Motor Co.*, 142 F. Supp. 2d 735, 738 (D.S.C. 2001).

"The party moving for summary judgment has the burden of showing the absence of a genuine issue of material fact, and the court must view the evidence before it and the inferences to be drawn therefrom in the light most favorable to the non-moving party." *Sain v. HSBC Mortg. Services, Inc.*, 2010 WL 2902741, 2 (D.S.C. 2010). The court must determine whether genuine issues of material fact exist for claims and affirmative defenses asserted by the parties. *See Spence v. Spence*, 368 S.C. 106, 123, 628 S.E.2d 869, 878 (2006) (". . . an affirmative defense usually must be pled in an answer and either resolved in later motions such as summary judgment or directed verdict or at trial.") (citations omitted). "[W]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, disposition by summary judgment is appropriate." *Teamsters Joint Council No. 83 v. Centra Inc.*, 947 F.2d 115, 119 (4th Cir. 1991).

However, if the Court does not grant all requested relief, pursuant to Fed. R. Civ. P. 56(g), the Court may "enter an order stating any material fact - including an item of damages or other relief - that is not genuinely in dispute and treating the fact as established in the case." This rule "was intended to avoid a useless trial of facts and issues over which there was never really any controversy and which would tend to confuse and complicate a lawsuit." *Lies v. Farrell Lines, Inc.,* 641 F.2d 765, 769 n. 3 (9th Cir.1981) (quotation omitted); *see also Lahoti v. VeriCheck, Inc.,* 586 F.3d 1190, 1202 (9th Cir. 2009) (noting that the rule "serves the purpose of speeding up litigation") (quotation omitted). "[T]he court has 'open-ended discretion to decide whether it is practicable to determine what material

5

facts are not genuinely at issue.'" *Clark v. City of Tucson,* No. CV08–300, 2010 WL 1842263, at *13 (D. Ariz. May 6, 2010) (quoting Fed.R.Civ.P. 56(d)(1) advisory committee's cmt. (2007 amd.)).

### DISCUSSION AND CONCLUSIONS OF LAW

To adopt the Montana District Court's findings as requested by the FLS, this Court must first determine whether collateral estoppel is applicable. The purpose of collateral estoppel is to prevent "relitigation of issues that have been adjudicated in a prior action." <u>In re Walker</u>, 11-52059-659, 2012 WL 4052360 (Bankr. E.D. Mo. Sept. 13, 2012) (citing *In re Bush,* 62 F.3d at 1322; Restatement (Second) of Judgments § 28(4) (1982)). A court must apply the collateral estoppel rules of the jurisdiction in which the underlying judgment was entered. *In re Asbury,* 195 B.R. 412, 415 (Bankr. E.D. Mo.1996). Where a federal court decided the earlier case, federal law controls the collateral estoppel analysis. *McQuillion v. Schwarzenegger*, 369 F.3d 1091, 1096 (9th Cir. 2004) (citing *Trevino v. Gates,* 99 F.3d 911, 923 (9th Cir.1996)). Under federal law, collateral estoppel applies when: (1) the issue necessarily decided at the previous proceeding is identical to the one which is sought to be relitigated; (2) the first proceeding ended with a final judgment on the merits; and (3) the party against whom collateral estoppel is asserted was a party or in privity with a party at the first proceeding. <u>Hydranautics v. FilmTec Corp.</u>, 204 F.3d 880, 885 (9th Cir. 2000)

At issue here is whether the Montana District Court's grant of partial summary judgment in a proceeding interrupted by the filing of the bankruptcy case is a "final judgment." A judgment is considered final if it is "determined to be 'sufficiently firm' to be accorded conclusive effect." *Luben Industries v. United States,* 707 F.2d 1037, 1040 (9th Cir. 1983). To determine whether a judgment is "sufficiently firm" the court may consider

6

the following factors: "(1) whether the decision was not avowedly tentative, (2) whether the parties were fully heard, (3) whether the court supported its decision with a reasoned opinion, and (4) whether the decision was subject to an appeal." *Security People, Inc. v. Medeco Sec. Locks, Inc.,* 59 F.Supp.2d 1040, 1045 (N.D.Cal.1999) (citing *Luben Industries v. United States,* 707 F.2d at 1040 (9th Cir. 1983) (quoting Restatement 2nd of Judgments, § 13, cmt. g)).

In *St. Paul Fire & Marine Ins. v. F.H.*, the Ninth Circuit Court of Appeals considered whether a partial summary judgment grant in a case settled prior to entry of final judgment collaterally estopped the plaintiffs from relitigating issues. *St. Paul*, 55 F.3d 1420 (9th Cir. 1995). Through applying the *Luben* factors referenced above, the Court ultimately determined that "partial summary judgment orders that are not final are not sufficiently firm for the purposes of collateral estoppel." *Householder Group, LLLP v. Van Mason*, 2010 WL 5093117 (D. Arizona, 2010). The partial summary judgment ruling was not final because "it could not have been appealed" and it "was subject to reconsideration on proper motion." *St. Paul Fire & Marine Ins. Co. v. F.H.*, 55 F.3d 1420, 1425 (9th Cir. 1995). The Ninth Circuit further noted that the "partial summary judgment, of course, would have become a final and appealable order if the litigation had gone to final judgment, but settlement intervened." Therefore, the partial summary judgment was not "sufficiently firm" to allow for collateral estoppel.[25]  *See St. Paul Fire,* 55 F.3d at 1425.

---

[25] *But see Security People, Inc. v. Medeco Sec. Locks, Inc.,* 59 F.Supp.2d 1040 (N.D.Cal.1999) (finding a partial summary judgment ruling in a case settled before trial to be sufficiently firm to allow application of collateral estoppel); *see also Householder*, at *3 (noting that "[g]iven the nearly identical factual posture of *St. Paul* and *Security People,* the discrepancy in both reasoning and results makes this Court's job difficult" but ultimately following *St. Paul*).

7

Considering these authorities, FLS has not shown this Court that it is appropriate to apply collateral estoppel and adopt the findings of fact and conclusions of law from the Montana District Court.[26] The Montana District Court's findings were not final.

As discussed above, there is no dispute as to certain limited facts set forth in FLS's Complaint in this matter and found in the Amended Final Pre-Trial Order filed in the Montana Lawsuit. Therefore, those facts will be incorporated into this Court's ruling.[27]

**IT IS THEREFORE ORDERED, THAT:**

1. FLS's Motion for Summary Judgment is **DENIED** except as specifically provided herein;

2. The Court hereby incorporates the following facts as conclusively established for this proceeding: The undisputed allegations of Plaintiff's Complaint in this adversary proceeding, found in paragraphs 2, 5, 6, 7- 10, 16-18, 20, 21, 27, 28, 42-44,[28] 49,[29] 56-59,[30] 72, 74, 79,[31] 86-89, 94, 101-104[32]; and the facts set forth

---

[26] FLS's Brief in Support of Motion for Summary Judgment (Doc. No. 51) cites to several cases to further the argument that this court should adopt the District Court's findings of facts and conclusions of law. However, none of these cases address the finality of a grant of summary judgment by the District Court, particularly when those proceedings are prematurely stayed by the filing of bankruptcy. The procedural posture of the cited cases are distinguishable from the matter here and do not directly address why this Court should view the District Court's partial grant of summary judgment in a proceeding cut short by the filing of bankruptcy as final. *See e.g. In re Mucci*, 458 B.R. 802, 807 (Bankr. D. Conn. 2011) (addressing the application of collateral estoppel to the final judgment of the District Court *following a three day bench trial* rendering the judgment unquestionably final) (emphasis added); *In re Deb* (applying collateral estoppel by the Bankruptcy Court to the District Court's findings following a full hearing, no appeals, and the debtor subsequently filing for bankruptcy); *In re Akhtar*, 368 B.R. 120, 134 (Bankr. E.D.N.Y. 2007) (Bankruptcy Court lifted stay to allow District Court to proceed, upon completion of case Bankruptcy Court applied collateral estoppel to District Court's findings contained in summary judgment ruling); *Scripps Clinic & Research Found., Inc. v. Baxter Travenol Laboratories, Inc.*, 729 F. Supp. 1473, 1477 (D. Del. 1990) (Bankruptcy Court applied collateral estoppel to District Court's findings contained in summary judgment ruling; however, cited authority for this proposition, *Stevenson v. Sears, Roebuck & Co.,* 713 F.2d 705, 712 (Fed.Cir.1983) notes that while a trial is not required to apply collateral estoppel the party *had the opportunity to appeal* in the District Court and failed to do so. (emphasis added)). Furthermore, neither party "oppose[d] the collateral estoppel effect of the prior judgment." *Id.*

[27] Fed. R. Civ. P. 56(g). While the Montana District Court also included findings pursuant to Rule 56(g) in the Amended Final Pretrial Order, these findings appear to result from the prior summary judgment order and therefore cannot be adopted for the purposes of this decision.

[28] Tollenaere agrees with paragraph 44, but asserts that FLS is the owner of an invalid copyright.

8

      in the Amended Final Pre-Trial Order in the Montana Lawsuit found in paragraphs 1 – 9 under the heading "IV. Agreed Facts."[33]

3. Tollenaere's Motion to Strike Trade Secrets from Plaintiff's Claim[34] and Motion for Chapter 7 Discharge,[35] also discussed at the hearing, and his Motion to Find Plaintiff's Copyrights Invalid[36], address the ultimate issues raised in this adversary proceeding to be addressed at trial, and are premature at this time. Therefore, they are **DENIED**.

4. FLS and Tollenaere shall file a joint pretrial order, conforming to the instructions set forth in the original Scheduling Order, **on or before October 31, 2012,** including an estimate of the amount of time needed for trial.[37]

---

[29] Tollenaere agrees in part regarding access, but disagrees in part regarding infringement of the works.
[30] Tollenaere agrees with paragraph 56, but asserts that FLS is the owner of an invalid copyright.
[31] Tollenaere agrees in part regarding access, but disagrees in part regarding infringement of the works.
[32] As to paragraph 101 Tollenaere agrees generally, but with the "exception of the JV drawings" and Tollenaere agrees in part with paragraph 103.
[33] Doc. No. 52, Exhibit E.
[34] Doc. No. 61.
[35] Doc. No. 48.
[36] Doc. No. 66.
[37] Doc. No. 23, paragraph 3.